UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JACK C. GUNVORDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,<br><br>Defendant. | **3:20-CV-03015-RAL**<br><br>**OPINION AND ORDER GRANTING SUMMARY JUDGMENT** |

Plaintiff Jack C. Gunvordahl (Gunvordahl) brought a pro se lawsuit in South Dakota state court against Selective Insurance Company of the Southeast (Selective), challenging the denial of his flood insurance claim. Doc. 1-Ex. 1. Selective removed the action to this Court. Doc. 1. Thereafter, Selective filed a motion to dismiss Gunvordahl's complaint, Doc. 6, with an affidavit and statement of undisputed material facts, Docs. 7, 8. Gunvordahl filed no response to the motion to dismiss. This Court then issued an order converting Selective's motion to dismiss into a motion for summary judgment under Rule 12(d) of the Federal Rules of Civil Procedure. Doc. 12. This Court gave Gunvordahl until November 10 to file a response to the motion for summary judgment. Doc. 12. Once again, Gundorvahl has filed no response. For the reasons stated below, this Court now grants Selective's motion for summary judgment.

## I. Background

### A. National Flood Insurance Program

Congress created the National Flood Insurance Program (NFIP) under the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001–4129. See generally Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 598–600 (4th Cir. 2002). The Director of the Federal Emergency Management Agency (FEMA) presently is charged with overseeing and implementing the NFIP. Id. at 599. In furtherance of that duty, the Director of FEMA is statutorily authorized to provide, by regulation, not only "for general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage" under the NFIP, 42 U.S.C. § 4013, but also for "the general method or methods by which proved and approved claims for losses may be adjusted and paid," 42 U.S.C. § 4019. Significantly, by FEMA regulation, all policies issued under the NFIP, including the policy in this case, must be issued using the terms and conditions of the Standard Flood Insurance Policy (SFIP) found in 44 C.F.R. Part 61, Appendix A. 44 C.F.R. § 61.4(b).

The Director of FEMA operates the government program of the NFIP "through the facilities of the Federal Government." 42 U.S.C. § 4071(a). In so doing, the Director of FEMA is authorized to use private insurance companies "as fiscal agents of the United States." 42 U.S.C. § 4071(a)(1). This means that the Director can enter into any necessary contracts with insurance companies to implement the NFIP. 42 U.S.C. § 4081(a).

In 1983, the Director of FEMA used this authorization to create the "Write–Your–Own Program" (WYO Program). The WYO Program is a program whereby private insurance companies are allowed to issue, under their own names as insurers, flood insurance policies under the government program. 44 C.F.R. § 62.23. Under this arrangement, the government underwrites the policies, while WYO companies perform administrative tasks, including adjusting, settling, paying, and defending all claims. Campo v. Allstate Ins. Co., 562 F.3d 751, 754 (5th Cir. 2009). Private insurers are required to issue policies employing the precise SFIP terms and conditions

outlined in FEMA regulations. 44 C.F.R. §§ 61.4(b), 62.23 (c), (d). Indeed, the terms and conditions cannot be varied or waived other than by the express written consent of the Federal Insurance Administrator. 44 C.F.R. § 61.13(d), (e). Despite the central role played by WYO companies, the claims are ultimately paid from the U.S. Treasury. Campo, 562 F.3d at 754.

**B. Factual Background[1]**

Selective is a WYO company. Doc. 7 at ¶ 4; Doc. 8 at ¶ 5. As a WYO company, Selective issued Gunvordahl and his wife Belinda Gunvordahl a SFIP for the period from May 24, 2019 to May 24, 2020 on property Gundorvahl owns in Bonesteel, South Dakota. Doc. 7 at ¶ 5; Doc. 8 at ¶¶ 1–2. On June 4, 2019, Gunvordahl's property sustained damage from the flooding of the Missouri River. Doc. 7 at ¶ 6; Doc. 8 at ¶ 3. On June 17, 2019, Gunvordahl notified Selective that his property had suffered a flood-related loss. Doc. 7 at ¶ 6; Doc. 8 at ¶ 4.

Selective responded that same day, acknowledging receipt of Gunvordahl's letter and advising him that he needed to file a proof of loss in support of his claim. Doc. 7-Ex. 2; Doc. 7 at ¶ 7; Doc. 8 at ¶ 6. An independent adjuster inspected the property at the request of Selective on June 29, 2019. Doc. 7 at ¶ 8; Doc. 8 at ¶ 7. On or about August 21, 2019, the independent adjuster submitted a report to Selective recommending a payment of $5,337 for the covered building damage to the property. Doc. 7 at ¶ 9; Doc. 8 at ¶ 8. The next day, on August 22, 2019, Selective wrote Gunvordahl a letter denying his claim in its entirety and advising him that he had not submitted his signed proof of loss, a condition precedent to issuing payment for coverage under the policy. Doc. 7 at ¶ 10; Doc. 8 at ¶ 9. Attached to the denial letter was a statement of Policyholder Rights prepared by FEMA which informed Gunvordahl of the requirement that any lawsuit

[1] This Court takes the facts primarily from Stephen Weber's affidavit in support of the motion for summary judgment, Doc. 7, as well as from the Statement of Undisputed Material Facts, Doc. 8.

challenging the denial of his claim must be brought in federal district court within one year of the denial of the claim. Doc. 7-Ex. 3; Doc. 7 at ¶ 10; Doc. 8 at ¶ 9.

On August 27, 2019, Gunvordahl submitted to Selective a sworn proof of loss statement in the amount of $15,429. Doc. 7 at ¶ 11; Doc. 8 at ¶ 10. On August 30, 2019, Selective responded with a letter acknowledging receipt of the proof of loss statement, denying his $15,429 proof of loss per the August 22 letter, and advising Gunvordahl that Selective was reducing his requested allowance by $10,092. Doc. 7 at ¶ 12; Doc. 8 at ¶ 11. At the same time, Selective attached another copy of FEMA's statement of Policyholder Rights, once again informing Gunvordahl of the requirement that any lawsuit challenging Selective's denial of the claim must be filed in federal district court within one year after the denial. Doc. 7-Ex. 4; Doc. 7 at ¶ 12; Doc. 8 at ¶ 11. Selective also issued Gunvordahl a check for $5,337, which represented what Selective deemed to be payment in full under the policy for the covered building damage to the property. Doc. 7 at ¶ 13; Doc. 8 at ¶ 12.

On or about August 5, 2020, Gunvordahl started a lawsuit in the Sixth Judicial Circuit in Gregory County, South Dakota, alleging that Selective improperly denied his claim for the full amount of flood damage sustained to his property. Doc. 1-Ex. 1; Doc. 8 at ¶ 13. Before Selective removed Gunvordahl's state court action to this Court on September 8, 2020, Gunvordahl had not filed any lawsuit in federal district court challenging Selective's August 22, 2019 denial of his flood claim. Doc. 7 at ¶ 15.

## II. Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(a) places the burden initially on

the moving party to establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Once the moving party has met that burden, the nonmoving party must establish that a material fact is genuinely disputed either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B); Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145–46 (8th Cir. 2012); see also Mosley v. City of Northwoods, 415 F.3d 908, 910 (8th Cir. 2005) (stating that a nonmovant may not merely rely on allegations or denials). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Gacek, 666 F.3d at 1145. In ruling on a motion for summary judgment, the facts and inferences fairly drawn from those facts are "viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)).

## III. Discussion

Selective contends that Gunvordahl's lawsuit is barred by the terms and conditions of the SFIP as well as federal statute and regulation. This Court agrees. Section 4072 of Title 42 provides that an insured may, "within one year after the date of mailing of notice of disallowance or partial disallowance," institute an action on his claim "in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action." The FEMA regulation mirrors that requirement, providing that the insured,

> within one year after the date of mailing by . . . the participating Write-Your-Own Company . . . of the notice of disallowance or partial disallowance of the claim

> may, pursuant to 42 U.S.C. 4072, institute an action on such claim against the insurer only in the U.S. District Court for the district in which the insured property or the major portion thereof shall have been situated.

44 C.F.R. § 62.22.

Consistent with the statute and regulation, the SFIP also provides the conditions and limitations for filing suit for claims under the policy and on disputes arising out of the handling of any claim under the policy. Specifically, the SFIP plainly states:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. *If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss.* This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. Part 61, App. A(1), art. VII (R) (emphasis added). In short, this provision as well as the federal statute and regulation require the insured to (1) sue within one year from the date of the written denial of all or part of the claim and (2) sue in the federal district court in which the covered property was located at the time of the loss. In other words, federal law mandates when and where the lawsuit must be commenced.

An SFIP claimant must comply with the terms and conditions mandated by federal law to receive payment under the policy. See Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d 386, 394 (9th Cir. 2000) ("Because flood losses, whether insured by FEMA or by a participating WYO insurer, are paid out of the National Flood Insurance Fund, a claimant under a standard flood insurance policy must comply strictly with the terms and conditions that Congress has established for payment."); see also Cohen v. Allstate Ins. Co., 924 F.3d 776, 780 (5th Cir. 2019) ("Those seeking public funds are held to a demanding standard and are expected to comply with statutory

requirements."). This includes the relevant limitations period on filing lawsuits related to the denial of all or part of a claim.

In Woodson v. Allstate Insurance Co., a case that is nearly identical to the case at hand, the Fourth Circuit held that the insureds' claim was barred because the insureds failed to bring the lawsuit in the correct court within the applicable time period. 855 F.3d 628 (4th Cir. 2017). In that case, the insureds' house sustained major flood damage as a result of Hurricane Irene. Id. at 630. Shortly after the storm, the insureds made a claim under the flood insurance policy issued to them by Allstate Insurance Company under the NFIP. Id. By a letter dated February 28, 2012, Allstate denied the claim in large part. Id. After FEMA had affirmed the decision, the insureds brought a lawsuit in state court on February 27, 2013, just within a year of Allstate's February 28 letter. Id. Allstate removed the action to federal court more than a year after it had denied the full amount of the claim and argued that the insureds' claim was time-barred. Id.

On appeal, the Fourth Circuit held that 42 U.S.C. § 4072, 44 C.F.R. § 62.22, and the SFIP required the insureds to file their action in federal district court within the one-year time period, and that the failure to do so barred their claim. Id. at 633–34. The insureds argued that filing their lawsuit in state court tolled the statute of limitations. Id. at 634. But the Fourth Circuit rejected this argument, noting "the commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." Id. (cleaned up and citation omitted).

Other courts have also strictly upheld the limitation period under the SFIP. See Cohen, 924 F.3d at 782 (affirming grant of summary judgment to the insurer because the insured failed to bring his claim within the one-year time period); Migliaro v. Fidelity Nat'l Indem. Ins. Co., 880 F.3d 660, 668 (3d Cir. 2018) (holding that insured's claim was time-barred under the SFIP because the

insured brought his action in federal court more than two years after his claim was denied); State Bank of Coloma v. Nat'l Flood Ins. Program, 851 F.2d 817, 819–21 (6th Cir. 1988) (affirming the district court's dismissal of the case because the insureds' third lawsuit was outside the one-year statute of limitations); Wagner v. Dir., Fed. Emergency Mgmt. Agency, 847 F.2d 515, 520–21 (9th Cir. 1988) (holding that plaintiffs' claim was time-barred by one year statute of limitations); Jokumsen v. Metro. Prop. and Cas. Ins. Co., No. 7:13CV5003, 2014 WL 1572446, at *3–4 (D. Neb. Mar. 4, 2014) (granting summary judgment to WYO company because insured's claim was outside one-year limitation).

Here, Gunvordahl failed to timely bring his lawsuit in the federal district court in which his covered property was located at the time of the loss. His claim was denied in its entirety by a letter dated August 22, 2019, meaning that he needed to have brought his lawsuit in this Court by August 22, 2020. Gunvordahl started a lawsuit on August 5, 2020, but did so in state court. Even though Gunvordahl was twice given FEMA's statement on Policyholders Rights which advised him that he must bring his action in federal court, Gunvordahl nonetheless filed suit in state small claims court rather than this Court, contrary to federal law. Selective removed the action to this Court on September 8, 2020, more than a year after it had denied the claim. Thus, while Gunvordahl filed a state court suit within the correct time frame, his failure to bring his lawsuit in the correct court within the one-year limitation period bars his claim. 44 C.F.R. § 62.22; Woodson, 855 F.3d at 633–34. This result may seem harsh when a pro se litigant files in the wrong court within the time limit, but the same rules apply to a pro se litigant as to a represented party. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) ("A pro se litigant is bound by the litigation rules as is a lawyer . . . ."). Therefore, Selective is entitled to summary judgment.

**IV. Conclusion**

For the reasons contained herein, it is hereby

ORDERED that Selective's Motion to Dismiss, Doc. 6, recast by the Court as a motion for summary judgment, is granted.

DATED this 24th day of November, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE